IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HAKIM NASEER,

                Plaintiff,

  v.

                                              OPINION & ORDER

NURSE MCARDLE, NURSE BETHEL,
NURSE WATERMAN, NURSE EDGE,                    17-cv-509-jdp
MS. NEUROTH, and ICE PAYNE,

                Defendants.

---

Pro se plaintiff Hakim Naseer, a prisoner currently incarcerated at the Wisconsin Secure Program Facility, has filed this civil lawsuit under 42 U.S.C. § 1983 alleging that he suffers severe pain in his head and that the food services manager is denying him vitamin-C-enriched beverages. Naseer seeks leave to proceed *in forma pauperis*, but he has "struck out" under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury. Naseer has also filed motions for temporary restraining orders against prison library staff.

After considering Naseer's submissions, I will dismiss his complaint because it is unclear whether he satisfies the imminent-danger exception to § 1915(g) and whether his claims belong in the same lawsuit. I will give Naseer a chance to file an amended complaint addressing these issues. In addition, I will give him a short time to submit an initial partial payment of the filing fee for this case, and I will deny his motions for injunctive relief.

A. **Sufficiency of the complaint**

Naseer seeks leave to proceed *in forma pauperis* in this case. However, as stated above, he has "struck out" under 28 U.S.C. § 1915(g). This provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, Naseer has brought actions that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *Naseer v. Neumaier*, No. 10-cv-399-bbc (W.D. Wis. Sept. 29, 2010); *Naseer v. Belz*, No. 10-cv-27-bbc; (W.D. Wis. Feb. 16, 2010); *Naseer v. Trumm*, No. 09-cv-699-bbc (W.D. Wis. Dec. 11, 2009). Therefore, he cannot proceed *in forma pauperis* in this case unless I conclude that his allegations show that he is in imminent danger of serious physical injury.

To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). At this point, Naseer's allegations are too vague to tell whether he meets the relatively low bar required to meet the "imminent danger" standard. *Ciarpaglini*, 352 F.3d at 331 (It is improper to adopt a "complicated set of rules [to discern] what conditions are serious enough" to constitute "serious physical injury.").

Naseer says that his "neurons system in [his] brain is shutting down," that his symptoms are getting worse, and that he suffers excruciating pain every time he attempts to shampoo his head. *See* Dkt. 1, at 3. But although he names serval nurses as defendants, he does not actually say that any of them or any other medical professional at WSPF is denying him medical

treatment. Without Naseer alleging that the medical staff is violating his rights, I cannot conclude that he is bringing imminent-danger claims under § 1915(g).

He also alleges that defendant Food Services Manager Ms. Neuroth is denying his vitamin-C-enriched beverages, but it is unclear how this deprivation is related to his head problem, and I am not convinced that the deprivation of these beverages alone is enough to meet the imminent-danger standard, without further explanation from Naseer.

I will give Naseer a chance to submit an amended complaint explaining his claims in more detail. Naseer should draft his amended complaint as if he were telling a story to someone who knows nothing about his situation. In particular, he should explain whether he is receiving medical treatment for his head, how the lack of beverages harming him, and what each defendant has done or failed to do that makes him believe that the defendant violated his rights. He should also explain what his head problems and beverage issue have to do with one another. If those issues are unrelated to each other, he may have to choose whether to pursue each set of claims in a separate lawsuit.

**B. Initial partial payment**

Even had I concluded that Naseer qualified for *in forma pauperis* status, he would still need to make an initial partial payment of the filing fee.[1] The initial partial payment is calculated by using the method established in § 1915 by figuring 20 percent of the greater of the average monthly balance or the average monthly deposits to the plaintiff's trust fund account statement. From the trust fund account statement provided by Naseer, I calculate his initial partial payment to be $0.94. If Naseer does not have the money in his regular account

---

[1] In addition, Naseer will eventually have to pay the remainder of the filing fee in installments of 20 percent of the preceding month's income, in accordance with 28 U.S.C. § 1915(b)(2).

to make the initial partial payment, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that Naseer is free to ask prison authorities to pay his entire filing fee from his release account. Naseer should show a copy of this order to prison officials to ensure that they are aware that they should send the initial partial payment to this court.

**C. Motions for restraining order**

Nasser has filed two motions for injunctive relief regarding prison library staff. He alleges that they have delayed several days in processing his filings through the court's e-filing program. He surmises that this is because they need time to show the documents to the defendants first. But a several-day delay in only minimal and is not significantly different than if inmates were using the mail to file documents, and Naseer has not shown that he was harmed by the delays. His mere speculation that library staff is showing his filings to defendants before submitting them to the court is not supported by any evidence that this is actually happening. I will deny his motions.

ORDER

IT IS ORDERED that:

1. Plaintiff Hakim Naseer's complaint, Dkt. 1, is DISMISSED because it is unclear whether he satisfies the imminent-danger exception to 28 U.S.C. § 1915(g) and whether his claims belong in the same lawsuit under Federal Rule of Civil Procedure 20. Plaintiff may have until April 19, 2018, to submit an amended complaint addressing these issues.

2. Plaintiff is assessed $0.94 as an initial partial payment of the filing fee for this case. Plaintiff must submit a check or money order made payable to the clerk of court in the amount of $0.94 or advise the court in writing why he is not able to submit the assessed amount on or before April 19, 2018.

3. Plaintiff's motions for a temporary restraining order, Dkt. 5 and Dkt. 7, are DENIED.

Entered March 30, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge