IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HAKIM NASEER,

                Plaintiff,

  v.

NURSE MCARDLE, NURSE WATERMAN,
NURSE EDGE, and ICE PAYNE,

                Defendants.

ORDER

17-cv-509-jdp

---

Plaintiff Hakim Naseer, appearing pro se, alleges that prison officials have failed to adequately treat his severe head pain. In a November 1, 2018 order, I granted Naseer leave to proceed on Eighth Amendment claims against defendants McArdle, Edge, Waterman, Alsum, and Payne.

Naseer has filed what he titles a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59, asking me to construe his complaint as including equal protection "class of one" claims against Waterman and Alsum for their roles in denying him care. This is not a proper Rule 59 motion because the court has not yet entered judgment, but the court has the power to reconsider its orders, including its decisions screening a complaint, so I will consider Naseer's motion.

I take Naseer to be saying that Waterman and Alsum singled him out when they denied him medical care or failed to intervene in the denial. A plaintiff may bring a "class-of-one" equal protection claim for being treated "intentionally . . . differently from others similarly situated" for no rational reason. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 799 (7th Cir. 2015) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). This will be a difficult claim for Naseer to prove, because class-of-one claims are generally disfavored in the prison

context, at least where they involve discretionary decision-making by prison officials. *See, e.g., Taliaferro v. Hepp*, No. 12-cv-921, 2013 WL 936609, at *6 (W.D. Wis. Mar. 11, 2013) ("[C]lass-of-one claims are likely never cognizable in the prison disciplinary context . . . ."). It may be difficult for Naseer to show that he is truly similarly situated to the other prisoners who he says received care instead of him. But because he alleges that he was singled out for no rational reason, I will allow him to proceed on class-of-one claims against defendants Waterman and Alsum.

ORDER

IT IS ORDERED that:

1. Plaintiff Hakim Naseer's motion for reconsideration of the court's order screening his complaint, Dkt. 22, is GRANTED.

2. Plaintiff is GRANTED leave to proceed on the following claims:

    - Eighth Amendment claims against defendants McArdle, Edge, Waterman, Alsum, and Payne.

    - Equal protection class-of-one claims against defendants Waterman and Alsum.

Entered November 16, 2018.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge