IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HAKIM NASEER,

                Plaintiff,

   v.

NURSE MCARDLE, NURSE WATERMAN,
NURSE EDGE, LORI ALSUM, and ICE PAYNE,

                Defendants.

ORDER

17-cv-509-jdp

---

    Plaintiff Hakim Naseer, appearing pro se, alleges that prison officials have failed to adequately treat his severe head pain. Naseer brings Eighth Amendment claims against defendants Nurse McArdle, Nurse Edge, Nurse Waterman, Lori Alsum, and ICE Payne, and "class-of-one" equal protection claims against Waterman and Alsum. Now Nasser has filed a motion asking me to reconsider my screening of the complaint to consider another claim against defendant Edge: a First Amendment claim against Edge for intercepting his correspondence to the health services manager about defendants' mistreatment. Dkt. 26.

    Naseer says that this is a claim for denial of his outgoing mail. Censorship of an inmate's outgoing mail does not violate the First Amendment if it (1) furthers an "important or substantial governmental interest unrelated to the suppression of expression" and (2) is "'no greater than is necessary or essential to the protection' of that interest." *Koutnik v. Brown*, 456 F.3d 777, 784 (7th Cir. 2006) (quoting *Procunier v. Martinez*, 416 U.S. 396, 413 (1974)).

    It is unclear whether Naseer's mail will truly qualify as "outgoing" or whether his messages were internal prison communications, over which prison staff may exercise tighter control. Under *Turner v. Safley*, 482 U.S. 78, 89 (1987), prisons may restrict a prisoner's First Amendment right to free speech if such a restriction is "reasonably related to legitimate

penological interests." Naseer states a claim under either standard because I can infer that Edge intercepted the correspondence for no legitimate reason, and perhaps did so for the purpose of harming Naseer. So I will allow Naseer to proceed on a First Amendment claim against Edge.

ORDER

IT IS ORDERED that:

1. Plaintiff Hakim Naseer's motion for reconsideration of the court's order screening his complaint, Dkt. 26, is GRANTED.

2. Plaintiff is GRANTED leave to proceed on the following claims:

   - Eighth Amendment claims against defendants McArdle, Edge, Waterman, Alsum, and Payne.

   - Equal protection class-of-one claims against defendants Waterman and Alsum.

   - A First Amendment claim against defendant Edge.

Entered November 27, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge