IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HAKIM NASEER,

                  Plaintiff,

  v.

NURSE MCARDLE, NURSE WATERMAN,
NURSE EDGE, LORI ALSUM, and ICE PAYNE,

                  Defendants.

ORDER

17-cv-509-jdp

---

    Plaintiff Hakim Naseer, appearing pro se, alleges that prison officials have failed to adequately treat his severe head pain. Naseer brings Eighth Amendment claims against defendants Nurse McArdle, Nurse Edge, Nurse Waterman, Lori Alsum, and ICE Payne, "class-of-one" equal protection claims against Waterman and Alsum, and a First Amendment claim against Edge.

    Naseer has filed a motion to amend his complaint, Dkt. 31, along with a proposed second amended complaint, Dkt. 32. Under Federal Rule of Civil Procedure 15(a)(2), I should freely grant a plaintiff leave to amend the complaint when justice so requires, but not "when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). For reasons stated below, I will grant Naseer's motion, although I will not allow him leave to proceed on every new claim that he wishes to bring.

    Most of Naseer's proposed changes are cosmetic, including improvement to Naseer's handwriting and minor typographical changes. But there are two substantive changes I must consider. First, Naseer says that he wishes to bring claims against defendants in their official and individual capacities. All of the claims that I have allowed Naseer to proceed on thus far

have been individual-capacity claims. To prevail on an official-capacity claim, Naseer needs to show that a policy or custom of the state played a part in the alleged constitutional deprivation. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Because he does not allege that a policy or custom played a part in any of defendants' actions, I will not allow him to bring any official-capacity claims.

Naseer's second substantive amendment is his request to add a First Amendment retaliation claim against defendant Waterman. Naseer now alleges that Waterman denied him medical care because he said that he was going to file a lawsuit against her. To state a First Amendment retaliation claim, a plaintiff must show that: (1) he engaged in activity protected by the First Amendment; (2) defendants took actions that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) the First Amendment activity was at least a "motivating factor" in defendants' decision to take those actions. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Naseer has the right to file legitimate lawsuits against prison officials, so I conclude that he states a retaliation claim against Waterman.

ORDER

IT IS ORDERED that:

1. Plaintiff Hakim Naseer's motion to amend his complaint, Dkt. 31, is GRANTED. Naseer's second amended complaint, Dkt. 32, is the operative pleading.

2. Plaintiff is GRANTED leave to proceed on the following claims:

   - Eighth Amendment claims against defendants McArdle, Edge, Waterman, Alsum, and Payne.

   - Equal protection class-of-one claims against defendants Waterman and Alsum.

   - A First Amendment mail-restriction claim against defendant Edge.

   - A First Amendment retaliation claim against defendant Waterman.

Entered December 12, 2018.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge