IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HAKIM NASEER,

                    Plaintiff,

    v.                                                      ORDER

NURSE MCARDLE, NURSE WATERMAN,                17-cv-509-jdp
NURSE EDGE, LORI ALSUM, and ICE PAYNE,

                    Defendants.

---

Plaintiff Hakim Naseer, appearing pro se, alleges that prison officials have failed to adequately treat his severe head pain in several ways. Naseer says that they will not assess him, they intercept his correspondence to the health services manager about this mistreatment, they keep him from being seen by a doctor, and they returned his grievance instead of processing it. He brings claims under Eighth Amendment, equal protection "class of one," and First Amendment theories. The parties have filed a series of motions—almost all of them filed by Naseer—that I will address in this order.

**A.  Preliminary injunction**

Naseer has filed a motion asking for preliminary injunctive relief to stop prison officials from removing documents from his medical file and giving him medications that were not prescribed to him, to be provided with proper medical care, and to be sent to another prison. Dkt. 52.

I denied a previous preliminary injunction motion filed by Naseer about staff removing evidence from his files because he did not describe in any detail what he believed was taken. *See* Dkt. 51. He has a similar problem here. He states that defendant Jolinda Waterman removed items from his medical file that caused him to be unable to respond to a summary

judgment motion in a previous case in this court, No. 13-cv-821-jdp. But that appears to be an act of past misconduct that does not affect the current case. He adds that staff removed documents from his medical file in June 2018, but he does not explain what that those documents were, what they would have said, or how they affect this lawsuit. Because Naseer does not present specific facts explaining how defendants are harming him, I cannot consider his request for injunctive relief about his medical file. As discussed further below, later motions by Naseer flesh out his theory that medical records are being destroyed, but he doesn't show that there has been any intentional destruction of documents.

I will also deny Naseer's requests about being given incorrect medication and receiving inadequate care. This case is about severe head pain Naseer says that he suffers. But his proposed findings of fact and declaration focus on treatment for skin problems that Naseer believes are caused by lupus. He also says that he is not receiving medication refills, but the documents he attaches show the medications to be lotion, eye drops, and medicated shampoo. *See* Dkt. 54-5 and 54-6. I cannot consider injunctive relief unrelated to the claims in this lawsuit, and Naseer does not explain what these problems have to do with his severe head pain. So I will deny his motion for preliminary injunctive relief.

B. **Sanctions**

Naseer has filed a motion seeking sanctions against counsel for defendants. Dkt. 66. He contends that when counsel repeated his proposed findings of fact in their responses, *see* Dkt. 62, they did not reproduce the proposed findings verbatim as required by the court. Naseer believes that they did so for the purpose of misleading the court. For instance, counsel left out the word "to" in the phrase "transferred shortly after to GBCI prison," *id.* at 2, and did not put the words "in part" in all capital letters like Naseer did, *id.* at 3. I want parties to

faithfully reproduce the other side's proposed findings of fact in their own materials, but these discrepancies are so minor that they cannot reasonably seen as attempts to mislead. And I note that this is not an easy task for defendants given Naseer's difficult-to-read handwriting. This simply is not matter for which sanctions are appropriate, so I will deny Naseer's motion.

Naseer has filed a second motion for sanctions, in which he says that defendant Waterman perjured herself in responding to his motion for preliminary injunction. Dkt. 82. Inconsistences in testimony are often a result of fallible human memory or other mistakes. And parties are free to give their opinion or to disagree with each other over the meaning of facts without that being considered lying under oath. None of Waterman's statements that Naseer raises in his motion come anywhere close to perjury.

For instance, Naseer says that Waterman falsely testified that neither she nor her staff removed items from his medical file. Naseer states that the medical file that Waterman compiled for him does not include a letter written by defendant Lori Alsum to Naseer (and copied to Waterman) responding to his complaint that years' worth of medical records were missing from his file. Dkt. 83-1, at 3. I take Naseer to be saying that Waterman intentionally did not include that letter in the medical file she sent to him, that the letter itself states that some of his records were destroyed, and that Waterman lied when she said that the destruction of records did not occur. I'm not certain that the letter itself is really a "medical record" that Waterman was supposed to include in the file she sent to Naseer, because it is not directly about Naseer's treatment. But even if the letter should have been included, all Naseer has shown is an oversight by Waterman, not that she intentionally removed the record from his medical file. The letter itself is also not proof that years' worth of his medical records were actually destroyed. It shows that Naseer believes that records were destroyed. Alsum's response

says only that she discussed the issue with health staff and that Naseer could also discuss it with health staff or file an inmate grievance. Alsum did not say that records were in fact destroyed. Naseer has given me no reason to think that Waterman lied about records being destroyed.

Naseer also says that Waterman was lying when she said that Naseer's medical records would show that "Naseer is requesting care and having his medical needs addressed on a regular basis by WSPF staff and outside providers." Dkt. 63, at 3. Naseer says that he's not receiving proper care for lupus, but as stated above, this case is not about his lupus treatment. And in any event, Waterman's statement about the quality of care that Naseer received may be correct or incorrect, but Naseer does not show that Waterman intentionally presented false testimony, rather than her truthful opinion about his care. I will deny his second motion for sanctions.

**C. Discovery**

Naseer has filed a motion "for immediate relief" concerning incomplete discovery responses by defendants. Dkt. 71. Defendants responded to his first request for production of documents by stating that 85 pages of documents were attached to the response, but Naseer did not receive those documents. Defendants respond by stating that they mistakenly failed to attach copies of the documents to the packet they sent to Naseer, and that they sent new copies to him. Dkt. 72. This would ordinarily resolve the matter. But in his reply, Naseer states that he believes that this was not merely an oversight and that counsel for defendants is intentionally harassing and abusing him. Dkt. 76. He suggests that counsel attempted to conceal her wrongdoing by withdrawing from her representation after sending him the incomplete discovery responses. *Id.*

Naseer is incorrect that counsel withdrew from the case: the notice regarding counsel he refers to states that additional counsel has joined the defense, not that the original attorney has been replaced with a new one. *See* Dkt. 68. But even if original counsel had withdrawn, that wouldn't have hidden any wrongdoing, had it occurred. I agree with Naseer that the discovery responses were incomplete, but counsel has fixed the error. There is no relief to be given Naseer, and there is no reason to think that the error occurred for any reason other than counsel's mistake. I will deny his motion about this issue.

Naseer has filed a motion to compel discovery regarding several interrogatory responses. Dkt. 84. Naseer contends that the state defendants intentionally evaded responsibility for some of their responses by failing to provide signatures; defendants say that the issue is moot because they provided signatures in response to Naseer's motion. Defendants response moots Naseer's concern, although I note that Naseer should not have had to file a motion to compel for defendants to comply with such a fundamental requirement of an interrogatory response.

Naseer objects to the substance of the state defendants' response to his request for production of documents showing the physicians who worked in Wisconsin prisons with "maximum security segregation" units in 2017. Defendants objected, stating that the information is irrelevant and "is not reasonably calculated to lead to the discovery of admissible evidence." Dkt. 85-1, at 4. They stated that they would provide Naseer with the information if he explained its relevance. I get the gist of the objection: defendants don't see the point of this information. Naseer says that he needs the information because it might provide him with a reason to subpoena someone to bolster his class-of-one equal protection claims, but he refuses to explain further, citing work-product privilege. This isn't what the work-product privilege is for; Naseer is expected to provide some idea why his proposed discovery is relevant to his case.

But the most obvious inference from Naseer's statement is that is that he wants to learn information about how prison medical staff treated other segregation prisoners' health concerns. Given that Naseer needs to show that he was treated worse than other similarly situated prisoners, his discovery request seems reasonable. I'll grant his motion to compel on this issue.

Naseer also says that defendant McArdle submitted responses to interrogatories almost a month after they were due. But he does not explain how he was prejudiced by the delay, and he does not appear to be asking me to deem any objections by McArdle to have been waived. So I won't sanction McArdle or consider any objections waived, although I do expect McArdle to comply with deadlines in the future.

Naseer filed another motion for preliminary injunction seeking preservation of his medical records and transfer away from WSPF. Dkt. 95. In support he says that documents he knows to exist (health service request forms from June 2017, *see* Dkt. 97-3) were not included in the packet of health service records that defendants sent to him in response to their discussions regarding his request for production of his health records. These omissions led Naseer to believe that defendants were doctoring or destroying his medical records.

Naseer also makes a difficult-to-follow argument that tampering of his medical record is revealed by the fact that defendant McArdle (who is being represented by private counsel) has asked Naseer to authorize release of his medical records to her. I take him to be saying that the state is not giving McArdle copies of certain records. Whether McArdle has any of Naseer's medical records would ordinarily depend on what Naseer has authorized McArdle to have. If the state-represented defendants aren't sharing information with McArdle that Naseer has already authorized the release of, that is a matter for defendants to settle among themselves.

But Naseer doesn't show that this issue has anything to do with the completeness of his DOC medical file.

Defendants respond to Naseer's examples of missing documents by explaining that paper prisoner health records are scanned into a database from which the DOJ must then request documents. They state, "Depending on the size of the inmate paper file, there may be a time when hand-written correspondence is in the process of being scanned into the database by an off-site vendor." Dkt. 100, at 1. They state that after Naseer filed his preliminary injunction motion, they requested Naseer's entire file—totaling more than 500 pages and including the missing health service requests—and sent it to him.

Defendants contend that Naseer's motion is a discovery motion rather than one for preliminary injunction. I conclude that it is both. Defendants have the duty to preserve evidence in their possession, and if there were evidence that they were destroying documents, I could issue injunctive relief to address that problem (although there is no plausible reason to grant his request for a transfer). I can also compel defendants to give Naseer discovery materials. I will deny Naseer's motion for injunctive relief, because defendants appear to have turned over their entire file (albeit with a few pages missing, as I'll discuss below) and there is no evidence that omissions in their discovery responses are the result of anything other than mistakes. There is no evidence of tampering.

But I will consider the motion to compel further. Even after the state defendants sent Naseer his full medical file, Naseer raises some problems with it. Naseer maintains that he met with defendant McArdle in June 2017 for complaints of dizziness, but he does not have a record of that meeting. One would expect that such a record would exist. Naseer also says that at least a few of the two-sided forms used by inmates to correspond with staff are included in

the packet but with only one side copied. And he refers to an interview/information request form he has in his possession that is not included in the packet. Naseer's statements suggest that the record he received is not fully complete, although such a limited number of missing pages among 500 isn't evidence of intentional destruction of documents. Defendants raise what appears to be a hypothetical possibility that document could be unavailable during the database-scanning process. But they don't explain the likelihood of that being the problem in this case, or support that theory with information about when the documents in this case were being processed. I will direct defendants to respond about Naseer's assertion that there are still documents missing from the packet and explain their efforts to find those documents if they agree with Naseer that some pages are missing.

Naseer also complains about the state of the records that he received; he says that the packet he received is "in a complete and utter mixture of disarray messes . . . almost nothing is in order." Dkt. 105, at 5. He refers to the packet as being at Dkt. 100, which is incorrect; those materials are not on this court's docket. And I don't want the parties to submit them: parties should generally not flood the docket with piles of raw discovery materials. But I will have the state defendants address Naseer's allegation.

I have words of caution for both the state defendants and Naseer. The state defendants' response largely moots the motion to compel but their responsibility to accurately respond to discovery requests starts before a motion to compel is filed. I have no reason to think that omissions made by defendants in their responses are the result of anything other than mistake. But mistakes in responding to discovery requests still harm the requesting party, so I urge them to be meticulous in responding to future discovery requests. It is also important for Naseer to understand that mistakes by opposing counsel are not evidence that they are plotting to harm

8

him. I'm not sure than any of the mistakes that he is pointing out will materially affect his case. He may find it more productive to focus his efforts on litigating the substantive aspects of the case, rather than filing sanctions motions.

**D. Motion for leave to amend complaint**

Naseer has filed a motion or leave to amend his complaint, Dkt. 79, and a proposed third amended complaint, Dkt. 80. Naseer seeks to add ten new defendants. Only one of them is directly related to Naseer's already-existing claims about medical care for his severe head pain. Naseer says that DOC Assistant Secretary Cindy O'Donnell denied the appeal of his grievance about his medical care as failing to provide new information on appeal, despite acknowledging off the record that the corrections complaint examiner lied when he recommended denying the appeal for that reason. Because I take Naseer to be alleging that O'Donnell turned a blind eye to his medical problem by denying the appeal for false reasons, I will grant him leave to proceed on an Eighth Amendment claim against O'Donnell.

Naseer alleges that the other nine defendants are retaliating against him in various ways in an effort to disrupt his ability to litigate this lawsuit, including by restricting inmates' ability to communicate with each other about legal matters and by confiscating his legal property. But this court generally does not allow prisoners to supplement or amend their complaints to include new claims that they have been retaliated against for filing the underlying lawsuit. *See, e.g.*, *Atkinson v. Mackinnon*, No. 14-CV-736-bbc, 2015 WL 13658057, at *1–2 (W.D. Wis. Oct. 29, 2015) ("These types of retaliation claims risk delaying resolution of the case indefinitely while the parties litigate and conduct discovery on each discrete instance of retaliation that may occur while the lawsuit progresses."); *Fitzgerald v. Greer*, No. 07-cv-61-bbc, 2007 WL 5490138, at *1 (W.D. Wis. Apr. 2, 2007). With an April 20, 2020 trial date, we are

too deep into the lawsuit to add a large group of defendants on claims that will involve completely new discovery. If Naseer believes that prison officials are blocking his ability to litigate the case, he can file a motion about that. He can also bring his retaliation claims in a brand-new lawsuit. But I will deny his motion to amend his complaint to include those claims. I will treat Dkt. 81 as a supplement to the complaint for the purposes of including the allegations against defendant O'Donnell.

**E. Motion to extend dispositive-motions deadline**

Naseer asks for a five-month extension of the early October dispositive-motions deadline, because of the many additional claims added in his amended complaint and the discovery disputes at hand (and there is an additional motion to compel, Dkt. 107, that is currently being briefed). Dkt. 98. But as stated above, I am not allowing Naseer to expand the litigation by adding his retaliation claims. To keep this case on track for an April 2020 trial, I'll extend the dispositive-motions deadline, but only by about two months, as stated in the order below. McArdle filed her own motion for an extension of the dispositive-motions deadline, Dkt. 110, which I will deny as moot.

ORDER

IT IS ORDERED that:

1. Plaintiff Hakim Naseer's motion for preliminary injunctive relief, Dkt. 52, is DENIED.

2. Plaintiff's motion for sanctions, Dkt. 66, is DENIED.

3. Plaintiff's second motion for sanctions, Dkt. 82, is DENIED.

4. Plaintiff's motion for "immediate relief," Dkt. 71, is DENIED.

5. Plaintiff's motion to compel discovery, Dkt. 84, is GRANTED in part.

6. Plaintiff's motion for preliminary injunctive relief, Dkt. 95 is DENIED.

7. The state defendants may have until October 7, 2019, to respond to this order about items discussed above regarding plaintiff's motions to compel, Dkt. 84 and Dkt. 95.

8. Plaintiff's motion to amend his complaint, Dkt. 79, is GRANTED in part. Plaintiff is granted leave to proceed on an Eighth Amendment medical care claim against defendant Cindy O'Donnell.

9. Plaintiff's motion to extend the dispositive-motions deadline, Dkt. 98, is GRANTED in part. The new deadline is December 9, 2019.

10. Defendant Sandra McArdle's motion to extend the dispositive-motions deadline, Dkt. 110, is DENIED as moot.

Entered September 23, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge