IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HAKIM NASEER,

Plaintiff,

v.                                                                          ORDER

NURSE MCARDLE, NURSE WATERMAN,
NURSE EDGE, LORI ALSUM, ICE PAYNE,                      17-cv-509-jdp
and CINDY O'DONNELL,

Defendants.

---

Plaintiff Hakim Naseer brought this lawsuit alleging that prison officials failed to adequately treat his head injury that caused him dizziness and severe pain. I dismissed the case in an April 2, 2020 order because Naseer failed to show that defendants consciously disregarded his health. Dkt. 216.

But there was a final remaining issue: I directed the state defendants (the group of defendants represented by the attorney general's office) to respond to Naseer's assertion that the 500-page medical-record packet they provided him was in "complete and utter . . . disarray." Dkt. 123, at 8. The state defendants responded to other parts of my order but not the part about the medical records, even after Naseer filed a notice stating that they failed to respond. *See* Dkt. 133. In my order dismissing the case, I directed the state defendants to respond to Naseer's allegation about the state of the materials they turned over to him, and to explain why they didn't respond to this aspect of my order the first time around. Dkt. 216, at 6.

The state defendants have responded, stating that their failure to respond was an oversight in part caused by a heavy caseload and Naseer's "motion heavy" practice in this case. Dkt. 218. To answer my original question about the state of the medical records, they say that

they gave the materials to Naseer in the same condition they received them from the DOC, with various records out of chronological order. Naseer replies by asking for sanctions against the state defendants for "engag[ing] in egregious disregard misconduct after already receiving a forewarning for conduct unbecoming of an officer of the court." Dkt. 225, at 2. And he notes that I've already warned counsel that they should be meticulous in responding to discovery requests, after they inadvertently omitted some records and made other mistakes in responding to Naseer's requests. *See* Dkt. 123, at 8.

Counsel is correct that Naseer has been a particularly active plaintiff with motions, as evidenced by the fact that we are up over 200 docket entries in this only moderately complex case. But that doesn't excuse them from failing to respond to my orders, especially after Naseer filed a notice pointing out the oversight. And this isn't the first time that I have needed to admonish counsel for failing to be meticulous in their efforts.

Nonetheless, there's no reason to think that this or counsel's previous mistakes were so egregious to rise to the level of "conduct unbecoming of an officer of the court" as Naseer puts it. And the original problem here—out-of-order medical records—wasn't counsel's fault, so Naseer was prejudiced only as much as defense counsel was by the unorganized records. I also see no reason to award sanctions to Naseer given how often he has filed meritless motions to sanction defendants for what he believes is perjury or other malicious conduct for commonplace disagreements in litigation or simple oversights by counsel. *See* Dkt. 123, at 8–9; Dkt. 216, at 3. So I will deny Naseer's motion for sanctions.

ORDER

IT IS ORDERED that plaintiff Hakim Naseer's motion for sanctions, Dkt. 225, is DENIED.

Entered April 30, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge